UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:12-CV-27 |
| ) | |
| KURT A. SUTTON, TOMMY E. ) | |
| SUTTON, and STEVEN L. MCATEE, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On November 30, 2012, a status conference in this matter was held and concluded. (Docket # 21.) The case was originally brought by the United States of America against Defendants Kurt Sutton, Tommy Sutton, and Steven McAtee for their alleged trespass on and damage to federal property, but those claims have been dismissed.[1] (Docket # 19.) As such, all that remains are the various cross-claims of the Suttons against McAtee and McAtee against the Suttons. But all of these claims are state law claims, over which the Court lacks an independent basis of jurisdiction as all the Defendants are Indiana citizens and the amount of controversy falls well below $75,000. *See* 28 U.S.C. § 1332 (setting forth the requirements for exercising diversity jurisdiction).

And these state law claims may not be "related to" the claims of the United States, now dismissed, such "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Federal and state law claims are considered

---

[1] The Court originally had jurisdiction under 28 U.S.C. §§ 1331 and 1345.

1

part of the same case or controversy if they derive from a "common nucleus of operative facts." *Villareal v. El Chile, Inc.*, 601 F. Supp. 2d 1011, 1018 (N.D. Ill. 2009) (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997)); *accord Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007).

Consequently, the question arises whether this Court has supplemental jurisdiction over the remaining cross-claims, and, if so, whether it should decline to exercise that jurisdiction under 28 U.S.C. § 1367(c). Accordingly, counsel may file briefs arguing that the Court has supplemental jurisdiction over the remainder of this case and that, under the factors listed in 28 U.S.C. § 1367(c), it should exercise that jurisdiction.[2] Any such briefs are to be filed on or before December 21, 2012.

SO ORDERED.

Entered this 30th day of November, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge

---

[2] If the case is ultimately dismissed for either lack of jurisdiction or because the Court declined to exercise supplemental jurisdiction, Indiana's Journey Account State, Ind. Code § 34-11-8-1, is potentially applicable to toll the statute of limitations that may affect the ability of the Suttons or McAtee to refile their claims in state court. *See Dempsey v. Belanger*, 959 N.E.2d 861, 866 (Ind. Ct. App. 2011) (stating that the Journey's Account Statute "provides for continuation when a plaintiff fails to obtain a decision on the merits for some reason other than his own neglect and the statute of limitations expires while his suit is pending").