UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:12 CV 27 |
|  | ) |  |
| KURT A. SUTTON, TOMMY E. | ) |  |
| SUTTON, and STEVEN L. MCATEE, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Before the court is the issue of whether the court should exercise supplemental jurisdiction over the parties' remaining state-law claims. For the reasons outlined below, the court declines to exercise jurisdiction over those claims.

**I. Background**

This suit originated on January 26, 2012, when plaintiff the United States brought suit against defendants Kurt Sutton and Tommy Sutton ("the Suttons") and Steven McAtee ("McAtee"). In its complaint, the United States alleged that the Suttons, who own land that adjoins land owned by the United States government ("the government"), hired McAtee to dig a pond on the Sutton's property, and in the process, McAtee placed "approximately 7,500 cubic yards of soil, fill material and rubbish" on the government's land, destroying plant life and damaging the land. (DE # 1.) The government's suit sought damages and the removal of the remaining material from the government's land. (*Id.*) Because the government was the plaintiff in this suit, the court had jurisdiction over the suit under 28 U.S.C. § 1345.

On February 16, 2012, the Suttons filed an answer and asserted a crossclaim against McAtee. (DE # 7.) The Suttons' crossclaim sought to recover from McAtee the amount of any judgment the government recovered against the Suttons. (*Id.*) Thus, the Suttons' crossclaim appears to be a claim for indemnification.

On March 13, 2012, McAtee filed an answer to the government's complaint, an answer to the Suttons' crossclaim, and asserted a crossclaim against the Suttons. (DE # 12.) McAtee's crossclaim against the Suttons sought to recover from the Suttons the amount of any judgment that the government recovered against McAtee. Thus, like the Suttons' crossclaim, McAtee's crossclaim appears to be a claim for indemnification.

On September 25, 2012, all three parties signed a stipulation that dismissed the government's complaint pursuant to FED. R. CIV. P. 41(a)(1)(A)(ii). (DE # 19.) After the government's complaint was dismissed, only the original defendants' crossclaims remained. But, as Magistrate Judge Cosbey recognized in his November 30, 2012 order (DE # 22), those remaining claims are state-law claims that have no independent basis for federal jurisdiction. Judge Cosbey gave the Suttons and McAtee three weeks to file briefs arguing that the court has supplemental jurisdiction over the remaining claims and that the court should exercise that jurisdiction. (*Id.*) The Suttons filed a brief responding to Judge Cosbey's order (DE # 23), but McAtee did not.

**II. Analysis**

In their brief responding to Judge Cosbey's order, the Suttons argue that despite the fact that the federal claim that gave the court original jurisdiction has been

2

dismissed, the court has supplemental jurisdiction over the parties' crossclaims, and the court should exercise its discretion and retain jurisdiction over those claims. (DE # 23.)

The court agrees that it has supplemental jurisdiction over the remaining crossclaims. Under 28 U.S.C. § 1367(a), when a district court has original jurisdiction over a civil action, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). A district court "has supplemental jurisdiction over [state-law claims] pursuant to 28 U.S.C. § 1367(a) so long as they 'derive from a common nucleus of operative fact' with the original federal claims." *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008) (quoting *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999)); *see also Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins*, 549 F.3d at 495. Both crossclaims and the original federal claim arose out of the same nucleus of operative fact, and therefore, the requirements of 28 U.S.C. § 1367(a) have been met.

Because the federal claim which gave the court original jurisdiction over this suit has dropped out, however, the court may still decline to exercise jurisdiction over the crossclaims under 28 U.S.C. § 1367(c)(3). That provision states:

> **(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
>
> **(3)** the district court has dismissed all claims over which it has original jurisdiction[.]

28 U.S.C. § 1367(c)(3)

"When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). "The presumption is rebuttable, 'but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law.'" *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) (quoting *Khan v. State Oil Co.*, 93 F.3d 1358, 1366 (7th Cir. 1996)).

The Seventh Circuit has identified three situations where a district court should retain jurisdiction over a supplemental claim even though all federal claims have dropped out: "where the statute of limitations would bar the refiling of the supplemental claims in state court . . . ; where substantial federal judicial resources have already been expended on the resolution of the supplemental claims; and where it is obvious how the claims should be decided." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007).

The Suttons do not address these situations in their brief. The court, however, has not spent substantial resources on the resolution of the crossclaims. The court has issued only one written order in this case: the order instructing the parties to brief the issue at hand. (DE # 22.) Additionally, it is not obvious how those claims should be decided. Finally, as to the statute of limitations, as noted above, the crossclaims appear

to be claims for indemnification or contribution,[1] and the statute of limitations for a contribution or indemnification claim does not begin to run until the party seeking indemnification or contribution actually incurs the monetary obligation that gives rise to the claim. *See Balvich v. Spicer*, 894 N.E.2d 235, 244-45 (Ind. Ct. App. 2008); *see also Pflanz v. Foster*, 888 N.E.2d 756, 758-59 (Ind. 2008). According to their brief, the Suttons incurred the expenses they seek to recover from McAtee at some point in 2012 (DE # 23 at 3), and thus, the statute of limitations[2] would not bar the refiling of these claims in state court.

The Suttons cite the Seventh Circuit's decision in *Cenco Inc. v. Seidman & Seidman*, 686 F.2d 449, 452 (7th Cir. 1982), in support of their argument that the court has jurisdiction over the crossclaims in this case. As noted above, however, even though the court has supplemental jurisdiction over the crossclaims, the court may still decline to retain jurisdiction over those claims under 28 U.S.C. § 1367(c)(3). As none of the three situations that would justify retaining jurisdiction over the crossclaims are present in

---

[1] "Under Indiana law, 'indemnity requires reimbursement of the entire amount of liability,' whereas, 'contribution involves partial reimbursement of one party who has discharged or paid more than his or her share of a common liability.'" *Joshi v. United States*, No. 3:08–cv–498, 2009 WL 2449234, at *3 (N.D. Ind. Aug. 6, 2009) (quoting 6 IND. LAW ENCYCL., *Contribution* § 1 (2008)).

[2] It appears that a ten-year statute of limitations applies to the remaining claims in this suit. *Comm'r, Ind. Dep't of Envtl. Mgmt. v. Bourbon Mini–Mart, Inc.*, 741 N.E.2d 361 (Ind. Ct. App. 2000), *summarily aff'd by* 783 N.E.2d 253 (Ind. 2003); *see also Bernstein v. Bankert*, Nos. 11–1501, 11–1523, 2012 WL 6601218, at *17-19 (7th Cir. Dec. 19, 2012).

this case, *Garrity*, 479 F.3d at 906-07, the court declines to exercise supplemental jurisdiction over those claims.

## III. Conclusion

In sum, the court declines to continue to exercise jurisdiction over the remaining crossclaims under 28 U.S.C. § 1367(c)(3). Because no other claims remain pending, the clerk is directed to dismiss the case.

**SO ORDERED.**

Date: February 22, 2013

> s/James T. Moody
> JUDGE JAMES T. MOODY
> UNITED STATES DISTRICT COURT